# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 4, 2022

Lyle W. Cayce
Clerk

No. 17-20364

Patrick J. Collins; Marcus J. Liotta; William M. Hitchcock,

*Plaintiffs—Appellants*,

*versus*

Janet Yellen, *Secretary*, *U.S. Department of Treasury*; Department of the Treasury; Federal Housing Finance Agency; Sandra L. Thompson, *Acting Director of the Federal Housing Finance Agency*,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:16-CV-3113

Before Owen, *Chief Judge*, and Jones, Smith, Stewart, Dennis, Elrod, Southwick, Haynes, Graves, Higginson, Costa, Willett, Ho, Duncan, Engelhardt, Oldham, and Wilson, *Circuit Judges*.

Per Curiam, joined by Owen, *Chief Judge*, and Jones, Smith, Elrod, Southwick, Higginson, Willett, Ho, Duncan, Engelhardt, Oldham, and Wilson, *Circuit Judges*:

No. 17-20364

This court's *en banc* decision, found at 938 F.3d 553 (5th Cir. 2019), returns to us on remand from the Supreme Court. *See Collins v. Yellen,* 141 S. Ct. 1761 (2020). We REMAND for further proceedings consistent with the Supreme Court's decision.

In *Collins*, the Court affirmed our holding that the statutory "for cause" removal provision applicable to the Director of the Federal Housing Finance Agency ("FHFA,")[1], which limited the President's authority over this Executive Branch principal officer, unconstitutionally violates the separation of powers. 141 S. Ct. at 1783-87. In pertinent part, however, the Court vacated and remanded other portions of our prior decision.

It is unnecessary to recount the Court's reasoning aside from relevant conclusions that differed from this court's disposition. First, the Court determined that the "Third Amendment" to agreements between the FHFA and Treasury Department, which affects the Plaintiff-shareholders' rights, bore no constitutional infirmity in its inception. Second, the Senate-confirmed FHFA Directors who implemented the Third Amendment during the pendency of the parties' longstanding dispute "were properly *appointed*[]" even though the President's power to remove them remained constrained. *Id.* (emphasis in original). Thus, the constitutional removal defect, the Court held, did not render "any of the actions taken by the FHFA in relation to the third amendment [] void." *Id.*

Importantly, however, the latter conclusion "does not necessarily mean . . . that the shareholders have no entitlement to retrospective relief." *Id.* at 1788. "[T]he possibility that the unconstitutional restriction on a President's power to remove a Director of the FHFA could have [inflicted compensable harm] cannot be ruled out." *Id.* at 1789. The Court went on,

---

[1] 12 U.S.C. §§ 4512(a), (b)(2).

No. 17-20364

very briefly, to sketch possible causes and consequences of such harm, along with the Federal Defendants' denials of any such harm. *Id.* The Court accordingly remanded the action for further proceedings consistent with its opinion.

After this court heard oral argument on questions surrounding retrospective relief, it became clear that the prudent course is to remand to the district court to fulfill the Supreme Court's remand order. And that is what we do.

REMANDED for further proceedings consistent with the Supreme Court's decision.

No. 17-20364

HAYNES, *Circuit Judge*, joined by STEWART, DENNIS, GRAVES and COSTA, *Circuit Judges*, dissenting:

I respectfully dissent from the majority opinion's decision to remand this case back to the district court to decide all the remaining issues in the first instance. On the issue of harm, the Supreme Court expressly acknowledged the federal parties' argument that the President "retained the power to supervise the Third Amendment's adoption . . . because FHFA's counterparty to the Amendment was Treasury—an executive department led by a Secretary subject to removal at will by the President." *Collins v. Yellen*, 141 S. Ct. 1761, 1789 (2021) (quotation and brackets omitted). It then instructed that "[t]he parties' arguments should be resolved in the first instance by the *lower courts*." *Id.* (emphasis added).

Nothing in this language precludes *this court* from deciding the harm issue. Indeed, we could easily do so in light of our previous conclusion that "the President, acting through the Secretary of the Treasury, could have stopped [the Net Worth Sweep] but did not." *Collins v. Mnuchin*, 938 F.3d 553, 594 (5th Cir. 2019) (en banc). As we also noted, President Trump later selected an acting Director as well as a new Director and never filed anything in this court opposing the Net Worth Sweep or its effects. *Id.* He certainly could have picked different Directors who would carry out a different vision, if he sought that.[1]

Because the Shareholders have not pointed to sufficient facts to cast doubt on our previous conclusion, we should resolve this case on the above grounds. In other words, I think we should modify the district court's judgment by granting declaratory relief in the Plaintiff's favor, stating that

---

[1] It is important to remember that claims for relief must have plausibility. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

No. 17-20364

the "for cause" removal provision as to the Director of the FHFA is unconstitutional.  In all other respects, we should affirm.  Because the majority opinion fails to do so, I respectfully dissent.